IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE SUMMER,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SAVINGS BANK, F.S.B.,<br><br>Defendant. | CIV. NO. 20-00374 JMS-WRP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, ECF NO. 9 |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, ECF NO. 9

## I. INTRODUCTION

On August 21, 2020, Plaintiff Valerie Summer ("Summer" or "Plaintiff") filed suit against her former employer, American Savings Bank, F.S.B. ("ASB" or "Defendant"), in Hawaii state court. ECF No. 1-1. Summer advanced a single claim under Hawaii Revised Statutes ("HRS") § 378-2(a)(7) alleging that ASB discriminated against her by prohibiting her from breastfeeding at the workplace. *Id.* at PageID ## 5-6. Pursuant to 28 U.S.C. § 1332, ASB removed the case to this court based on diversity of citizenship. ECF No. 1. ASB now moves to dismiss, arguing that disallowing breastfeeding at the workplace is not discriminatory conduct under § 378-2(a)(7). ECF No. 9-1 at PageID # 36; ECF No. 13 at PageID ## 6-8. But because § 378-2(a)(7) unambiguously prohibits

employers from discharging or penalizing "a lactating employee because the employee breastfeeds or expresses milk at the workplace," ASB's Motion to Dismiss is DENIED.

## II. **BACKGROUND**[1]

ASB is a for-profit corporation based in Hawaii. ECF No. 1 at PageID # 3. Summer is a former resident of Hawaii and former employee of ASB. *Id.* at PageID ## 2-3. ASB hired Summer as a Digital Transformation Manager on May 20, 2019. ECF No. 1-1 at PageID # 5. Prior to her hiring, in April 2019, Summer informed ASB that she was breastfeeding and requested to work 20 hours per week at the workplace and 20 hours per week from home to accommodate her breastfeeding schedule. *Id.* ASB denied this accommodation but allowed Summer to begin employment on a part-time basis, working 25 hours per week in the office. *Id.* In May 2019, Summer discovered that her baby was rejecting expressed milk from a bottle, requiring her to breastfeed directly. *Id.* at PageID # 6. Summer's part-time work schedule allowed her to do so. *Id.*

In October 2019, ASB informed Summer that she must either begin working full-time at the workplace or resign. *Id.* Because her baby was rejecting expressed milk, Summer agreed to work full-time provided that ASB allow her to

---

[1] For the purposes of this order, the court accepts the facts plead in the Complaint as true. *See Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018).

2

breastfeed at the workplace.  ECF No. 12-1 at PageID # 82.  Summer explained

that her husband would be able to drop off their baby at the ASB campus two to

three times per day for feeding.  ECF No. 1-1 at PageID # 6.

ASB rejected Summer's request as unreasonable because ASB's

workplace is a "secured facility, and non-teammates, including [infants] are not

permitted in secure areas."  *Id.*  Instead, ASB told Summer, she could "take

reasonable break time" to breastfeed her baby outside of the workplace, "wherever

that may be."  ECF No. 9-1 at PageID # 37.  Plaintiff "advised [ASB] that she was

being forced to resign" and proceeded to submit her resignation.  ECF No. 1-1 at

PageID # 6.  At an unspecified date after her resignation, Summer permanently

relocated from Hawaii to Germany.  ECF No. 1 at PageID # 2.

On February 27, 2020, Summer filed a complaint with the Hawaii

Civil Rights Commission ("HCRC") alleging that ASB had discriminated against

her by prohibiting her from breastfeeding in the workplace.  ECF No. 1-1 at

PageID # 6.  Summer later withdrew the complaint, preferring to pursue her claim

through court action.  *Id.* at PageID # 9.  On July 22, 2020, HCRC closed

Summer's case and issued her a right to sue letter.  *Id.*

On August 21, 2020, Plaintiff filed suit in the Circuit Court of the

First Circuit, State of Hawaii.  ECF No. 6-2 at PageID # 23.  Prior to service of the

Complaint, ASB then filed a Notice of Removal to this court based on diversity of

3

citizenship under 28 U.S.C. § 1332.  ECF No. 1 at PageID ## 2-3.  On September

25, 2020, ASB filed its Motion to Dismiss for Failure to State a Claim, ECF No. 9.

Summer filed her Response on November 9, 2020, ECF No. 12, and ASB filed its

Reply on November 23, 2020, ECF No. 13.  This Motion is decided without a

hearing pursuant to Local Rule 7.1(c).

### III.  <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss

for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6)

dismissal is proper when there is either a "lack of a cognizable legal theory or the

absence of sufficient facts alleged."  *UMG Recordings, Inc. v. Shelter Capital

Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica

Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*,

521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet—that the court must accept as true

all of the allegations contained in the complaint—"is inapplicable to legal

conclusions," and "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678

4

(citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 679.

## IV.  <u>DISCUSSION</u>

Plaintiff brings a single claim of "unlawful discrimination" under HRS § 378-2(a)(7), arguing that ASB "constructively discharged" and "penalized" her by refusing to allow her to breastfeed at the workplace.  ECF No. 1-1 at PageID # 6.  More specifically, Plaintiff alleges that "[h]ad [she] not been a breastfeeding mother who expressed a desire to breastfeed at the workplace, she would not have been be forced to resign."  ECF No. 12-1 at PageID # 85.

HRS § 378-2(a)(7) makes it an unlawful discriminatory practice:

> For any employer or labor organization to refuse to hire
> or employ, bar or discharge from employment, withhold
> pay from, demote, or penalize a lactating employee
> *because the employee breastfeeds or expresses milk at
> the workplace.*  For purposes of this paragraph, *the term
> "breastfeeds" means the feeding of a child directly from
> the breast.*

HRS § 378-2(a)(7) (emphasis added).

5

A plaintiff can proceed on a claim under the anti-discrimination provisions of HRS § 378-2 by alleging facts demonstrating direct or circumstantial evidence that a discriminatory reason more likely than not motivated the defendant's conduct.  *Shoppe v. Gucci Am., Inc.*, 94 Haw. 368, 378, 14 P.3d 1049, 1059 (2000); *Wigent v. Sci. Applications Int'l Corp.*, 19 F. Supp. 3d 1012, 1026 (D. Haw. 2014).  Here, Summer plausibly alleges direct evidence of discrimination in that that ASB *explicitly* prohibited her from breastfeeding in the workplace.[2] *See Shoppe*, 94 Haw. at 378, 24 P.3d at 1059; *Coghlan v. Am. Seafoods Co., LLC*, 413 F.3d 1090, 1094-95 (9th Cir. 2005) (explaining that direct evidence is "evidence which, if believed, proves the fact of discriminatory animus without inference or presumption," such as directly discriminatory actions taken by the employer).

For the purposes of this Motion, ASB does not dispute that it prohibited Plaintiff from breastfeeding in the workplace or that she resigned as a

---

[2] In their briefing, the parties discuss the *McDonnell Douglas* burden-shifting framework at length.  Although the Hawaii Supreme Court has adopted the *McDonnell Douglas* framework to address discrimination claims under HRS § 378-2, *see Hac v. Univ. of Haw.*, 102 Haw. 92, 101, 73 P.3d 46, 55 (2003), that framework "'is inapplicable where,'" as here, "'the plaintiff [alleges] direct evidence of discrimination.'"  *Adams v. CDM Media USA, Inc.*, 135 Haw. 1, 24, 346 P.3d, 70, 93 n.25 (quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985)).  Additionally, the *McDonnell Douglas* framework is a tool to assist plaintiffs at the summary judgment stage, *see Costa v. Desert Palace, Inc.*, 299 F.3d 838, 854055 (9th Cir. 2002), and need not be satisfied at this motion-to-dismiss stage.  *See, e.g.*, *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511 (2002) ("[The Supreme Court] has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.").

result.[3]  Instead, ASB disputes whether disallowing breastfeeding in the workplace constitutes discriminatory conduct under § 378-2(a)(7).  Thus, resolution of the Motion turns entirely on interpretation of the statute.  Put another way, if prohibiting breastfeeding at the workplace is impermissible under the statute, then ASB discriminated against Summer by doing so.[4]

There is currently no case law interpreting § 378-2(a)(7).  Hawaii Supreme Court precedent provides, however, that "the fundamental starting point for statutory interpretation is the language of the statute itself."  *State v. Abihai*, 146 Haw. 398, 408, 463 P.3d 1055, 1065 (2020).  "[W]here the statutory language is plain and unambiguous, [the court's] sole duty is to give effect to its plain and obvious meaning."  *Id.*; *see also Carcieri v. Salazar*, 555 U.S. 379, 387 (2009) (explaining that if statutory text is "plain and unambiguous," courts must "apply the statute according its terms").  But when construing an ambiguous statute, "the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared" and by

---

[3] ASB does, however, dispute that Summer was told she had to resign if she did not return to the workplace full-time in October 2019.  ECF No. 13 at PageID # 103 n.4.

[4] Summer claims that ASB constructively discharged and penalized her by refusing to allow her to breastfeed at the workplace.  To plead constructive discharge, a plaintiff must plausibly show that the defendant's discriminatory acts caused working conditions to become "so intolerable that a reasonable person in the employee's position would have felt compelled to resign."  *Green v. Brennan*, 136 S. Ct. 1769, 1776 (2016) (quotation marks and citation omitted).

looking to "extrinsic aids" such as legislative history. *Castro v. Melchor*, 142

Haw. 1, 11, 414 P.3d 53, 63 (2018) (quotation and citation omitted).

Here, the statutory language is unambiguous. Section 378-2(a)(7)

protects lactating employees from being discharged or otherwise discriminated

against "*because*" they "breastfeed[] or express breastmilk *at the workplace*."

HRS § 378-2(a)(7) (emphasis added). That is, breastfeeding at the workplace is a

protected activity under the statute. *Cf. Shoppe*, 94 Haw. at 377, 14 P.3d at 1058

(explaining that based on identical language, HRS § 378-2 prohibits employers

from discharging an individual because of their age); *Wigent*, 19 F. Supp. 3d at

1027-28 (explaining that prohibiting married employees from working in the same

department is per se discrimination on the basis of marital status under HRS 378-

2(a)(1)).

Based on the Complaint's allegations, ASB violated this unambiguous

provision by prohibiting Summer from breastfeeding at the workplace. ASB notes

that Summer "does not allege . . . that ASB failed to provide accommodations for

her to express breastmilk at the office." ECF No. 13 at PageID # 99 n.3. But

because Summer's baby was rejecting drinking from a bottle, her only realistic

option to feed her child was to breastfeed directly. Thus, by allegedly requiring

Summer to "work full-time or resign," while denying her the option to breastfeed

in the workplace, ASB impermissibly barred her from engaging in any form of protected activity under § 378-2(a)(7).[5]

ASB puts forth a variety of entirely unpersuasive arguments in an attempt to circumvent the unambiguous meaning of § 378-2(a)(7). First, ASB argues that Summer never engaged in protected activity because she never actually breastfed at the workplace, but only expressed a desire to do so. ECF No. 13 at PageID # 100. This is nonsensical. ASB cannot escape liability for discrimination by prohibiting the protected activity altogether.

ASB also attempts to argue that because a separate statutory provision, HRS § 378-92, requires employers to provide reasonable time and a location for employees to express breastmilk, it would be inconsistent to read § 378-2(a)(7) as requiring employers to allow breastfeeding at the workplace at all. ECF No. 13 at PageID ## 96-99. But specific requirements related to accommodations for expressing breastmilk are in no way inconsistent with the unambiguous protection that § 378-2(a)(7) extends to employees who breastfeed (or wish to do so) *at the workplace*.

Finally, ASB devotes considerable argument to the legislative history of § 378-92. But legislative history is irrelevant where, as here, the statutory text is

---

[5] The court need not and does not address whether a prohibition on breastfeeding in the workplace would violate § 378-2(a)(7) where expressing breastmilk in the workplace remained a viable option.

plain and unambiguous.  *See Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1749 (2020) (explaining that legislative history "has no bearing" where statutory language is unambiguous and that "it is ultimately the provisions of those legislative commands rather than the principal concerns of our legislators by which we are governed.") (quotation and citation omitted)

## V.  <u>CONCLUSION</u>

Summer has stated a plausible discrimination claim under HRS § 378-2(a)(7) based on ASB's refusal to allow her to breastfeed at the workplace. Accordingly, ASB's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 7, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Summer v. Am. Savings Bank, F.S.B.*, Civ. No. 20-00374 JMS-WRP, Order Denying Defendant's Motion to Dismiss, ECF No. 9.